IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DET DALLAS CLINICS, LLC and TREND PHYSICIANS GROUP, INC., | § § | Case No. 26-35975 (Jointly Administered) |
| | § | |
| Debtors. | § | **Jeffrey P. Norman** |
| | § | |

**MOTION TO TRANSFER VENUE TO THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF TEXAS, DALLAS DIVISION**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**THERE WILL BE A HEARING ON THIS MOTION ON SEPTEMBER 22, 2026 AT 11:00 A.M. IN COURTROOM 403, 515 RUSK STREET, HOUSTON, TEXAS 77002.**

TED Ventures, LLC and Trend Medical Management, LLC (collectively, the **"Creditors"**) file this Motion to Transfer Venue (the "Motion"). The Creditors respectfully move this Court, pursuant to Rule 1014(a)(1) of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. § 1412, for the entry of an order transferring these jointly administered Chapter 11

cases to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in the interest of justice and for the convenience of the parties.

In support of this Motion, the Creditors rely on the Declaration of Derek Gove in Support of Creditors' Motion for Relief from the Automatic Stay and Related Motions, executed August 25, 2026 and filed contemporaneously herewith (the "Gove Declaration"), together with the exhibits attached thereto, which are incorporated herein by reference.

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court under 28 U.S.C. § 1408, and this motion seeks transfer of venue under 28 U.S.C. § 1412.

## FACTUAL BACKGROUND

2. Debtors list 1911 Bagby St., Houston, Texas as their principal place of business. Their clinic operations were conducted through six named clinics, all located in the Dallas-Fort Worth metropolitan area: Advanced Healthcare Clinics Plano; Advanced Healthcare Clinics Hurst; Advanced Healthcare Clinics Mesquite; Advanced Healthcare Clinics Buckner; Advanced Healthcare Clinics South Dallas; and Advanced Healthcare Clinics Denton. Gove Decl. ¶¶ 8, 77. Those clinics served patients, employed physicians and medical staff, and generated the revenues of the debtor enterprise. None of these clinics is located in Houston. Id. The 1911 Bagby Street address is the office of Zoo Capital Holdings, LLC, a non-debtor parent entity—not a medical clinic, patient-care facility, or operational location of either Debtor. Gove Decl. ¶ 81.

3. Neither Debtor presently conducts any business operations. DET has no employees, no bank account, no billing operations, no revenue, no patients, and no business operations of any kind. Gove Decl. ¶¶ 71, 73. The physicians who staffed the clinics, along with

the Debtors' medical and office equipment, have been moved to locations in Denton and Dallas, Texas, owned by affiliates of the Debtors. Whatever operational activity remains associated with the Debtors' former clinic business is therefore conducted in the Dallas-Fort Worth area, within the Northern District of Texas, and none of it occurs in Houston.

4. The trade creditors of Trend Physicians Group, Inc. ("TPG") are overwhelmingly located in the Dallas-Fort Worth metropolitan area, including: A-Sign Company—2410 W. Brooklyn Ave., Dallas, Texas; Air Supply of North Texas—2829 Fort Worth Ave., Dallas, Texas; Clinical Pathology Laboratories—with locations in Dallas, Denton, Hurst, and Plano; Dallas County Tax—Dallas, Texas; Jan-Pro Denton—3000 Keller Springs Rd., Carrollton, Texas; McKesson Specialty Care Distribution—in the Plano area; Office Machines—with Dallas and Denton locations; Southridge Village Shopping Center, L.P.—5428 Lake Victoria Ct., Lewisville, Texas, with a $142,624.49 claim; Ves International Texas—11050 Plano Rd., Dallas, Texas; Wol+Med SW Dallas, L.P.—5428 Lake Victoria Ct., Lewisville, Texas; and Medline Industries—Dallas, Texas. The overwhelming majority of TPG's trade creditors and service vendors are located in the DFW area, not Houston.

5. The Asset Purchase and Contribution Agreement (the "APCA") at the center of these cases was closed in Dallas County, Texas. Section 8.12 of the APCA contains a mandatory venue provision fixing venue for any disputes arising under the agreement in Dallas County, Texas. Gove Decl. ¶¶ 14, 75.

6. The employment agreements between AD Dallas Clinics, LLC and Derek Gove, Trey Austin, and Enrique Stowhas—each dated November 1, 2023—contain an exclusive jurisdiction and venue clause providing that "the state or federal courts located in Dallas, Texas shall have sole and exclusive jurisdiction over any such proceeding." Gove Decl. ¶¶ 15, 76. This

is a separate and independent contractual venue provision fixing disputes in Dallas, in addition to APCA § 8.12.

7. For approximately sixteen months prior to the filing of these bankruptcy cases, the parties engaged in active litigation in the 162nd Judicial District Court, Dallas County, Texas, Cause No. DC-25-05848. Gove Decl. ¶¶ 45-46, 57; id. Ex. B (docket sheet). That litigation involved the same parties and substantially the same disputes that are now before this Court, discovery closed on February 20, 2026, and the case was trial-ready as of its third trial setting on August 17, 2026. Gove Decl. ¶¶ 58, 63. On August 20, 2026, the state court severed and abated the claims against the Debtors pending termination of or relief from the automatic stay. Gove Decl. ¶ 66; id. Ex. A.

8. A related federal action has been removed to the United States District Court for the Northern District of Texas, Case No. 3:26-cv-02783-E, assigned to the Honorable Ada Brown. Gove Decl. ¶ 79. Coordination with this related federal proceeding weighs strongly in favor of transfer to the Northern District of Texas.

9. A related state-court action is also pending in Ellis County, Texas—Cause No. 120138, in the 40th Judicial District Court. Gove Decl. ¶ 46. Ellis County is in the Northern District of Texas. This additional related proceeding further weighs in favor of transfer.

10. The key witnesses in these cases—including Derek Gove, Trey Austin, Enrique Stowhas, Atul “Lucky” Chopra, Steven Ryan Reneau, Walker Robertson, and Rebecca Warfield—are located in or connected to the Dallas-Fort Worth area, and each was deposed in or is a subject of the Dallas County litigation. Gove Decl. ¶¶ 59, 62, 93. The relevant documents, business records of the TPG clinics, and patient records (to the extent relevant) are likewise located in DFW.

11. Creditors' counsel—Richard G. Grant of CM Law, LLP and James A. McCorquodale of the Law Office of Sandy McCorquodale, P.C.—are located in Dallas, Texas.

12. Derek Gove, Trey Austin, and Enrique Stowhas are parties to the related Dallas County and Ellis County proceedings and anticipated witnesses in these cases. Mr. Gove maintains offices in Midlothian, Texas (Ellis County, in the Dallas-Fort Worth area), Mr. Austin resides in Irving, Texas, and Mr. Stowhas resides in Dallas, Texas. Gove Decl. ¶ 78. Creditors' counsel, Richard G. Grant of CM Law, LLP, is located at 13101 Preston Road, Dallas, Texas, and James A. McCorquodale of the Law Office of Sandy McCorquodale, P.C., is located at 12700 Hillcrest Road, Dallas, Texas. Every creditor party, witness, and counsel identified above is in the Dallas-Fort Worth metropolitan area.

13. Only two connections to Houston exist in the entire record: (a) 1911 Bagby Street, the office of Zoo Capital Holdings, LLC, and (b) Tran Singh, LLP, the Debtors' counsel. Gove Decl. ¶ 81. Neither connection is an operating connection of either Debtor: 1911 Bagby is not a clinic, patient-care facility, or operational location, and Tran Singh is counsel rather than an operating business location. Every other meaningful connection—the six DFW clinics, the patients, the creditors, the witnesses, the business records, the contractual venue clauses, the sixteen months of state-court litigation, the related removed federal action, and the related Ellis County action—points to Dallas/Fort Worth. A registered-office address and a law-firm connection do not establish a meaningful connection to this District sufficient to justify burdening the parties with litigating these cases in Houston.

## IV. LEGAL STANDARD

14. Section 1412 of Title 28 provides that "[a] district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice or for the convenience of the parties." 28 U.S.C. § 1412.

15. In *In re Cyrus II Partnership*, 413 B.R. 609, 613 (Bankr. S.D. Tex. 2008), this Court identified the following factors relevant to the transfer analysis: (1) the proximity of creditors of every kind to the court; (2) the proximity of the debtor to the court; (3) the proximity of witnesses necessary to the administration of the estate; (4) the location of assets; (5) the economic and efficient administration of the estate; and (6) the necessity for ancillary administration if transfer is not ordered.

16. Additionally, in assessing the interest of justice, courts consider whether transfer would promote the efficient administration of the bankruptcy estate, reduce litigation costs, and avoid forum shopping. *See GATX Aircraft Corp. v. M/V Courtney Leigh*, 768 F.2d 711, 716 (5th Cir. 1985) (articulating factors relevant to transfer analysis under § 1404(a), which courts apply by analogy to § 1412).

17. Importantly, the statute is disjunctive: transfer is appropriate where either the interest of justice or the convenience of the parties favors the proposed forum. Here, both prongs are satisfied.

## APPLICATION OF FACTORS

### A. Proximity to Parties and Witnesses

18. Virtually all parties with an active interest in these cases are located in the Dallas-Fort Worth metropolitan area. The Creditors—TED Ventures, LLC and Trend Medical Management, LLC—maintain their principal offices in DFW, as do the individual claimants and witnesses Derek Gove, Trey Austin, and Enrique Stowhas. TPG's trade creditors are located in

Lewisville, Denton, Dallas, and Plano. The key witnesses, including those with firsthand knowledge of the APCA transaction and the Debtors' operations, are in DFW. Only the Debtors' counsel is located in Houston.

**B. Location of Assets**

19. Neither Debtor is presently operating. DET reports estimated assets of $0 to $50,000 against liabilities exceeding $10 million and has no employees, no bank account, and no operations. Gove Decl. ¶¶ 71-73. The tangible assets historically used in the clinic business—including the medical and office equipment—and the physicians who previously staffed the clinics have been relocated to affiliate-owned locations in Denton and Dallas, Texas. The Debtors do not maintain any assets or operational presence in Houston. The listed Houston address is merely an address associated with Zoo Capital, not a clinic or place of business operations. Gove Decl. ¶ 81.

**C. Economic and Efficient Administration of the Estate**

20. Transfer to the Dallas Division of the Northern District of Texas would substantially reduce the cost of administering these estates. All active parties, their counsel, and witnesses would be relieved of the burden of traveling to Houston for hearings. Given the concentration of interested parties in DFW, the Dallas Division is the most economically efficient forum for the administration of these cases.

**D. Necessity for Transfer in the Interest of Justice**

21. Multiple independent grounds support transfer in the interest of justice:

a) **Contractual Venue Clause.** Section 8.12 of the APCA—the agreement that gives rise to the principal disputes in these cases—expressly fixes venue in Dallas County, Texas. While a contractual venue provision does not divest a bankruptcy court of jurisdiction, it is a significant factor weighing in favor of transfer.

b) **Related Litigation in N.D. Tex.** A related federal action, Case No. 3:26-cv-02783-E, is pending before Judge Ada Brown in the Northern District of Texas.

Judicial economy and the avoidance of inconsistent rulings favor transfer to the district where related proceedings are already pending.

c) **Avoidance of Forum Shopping.** The Debtors' decision to file these cases in Houston—when all of their operations, creditors, witnesses, and contractual venue provisions point to Dallas—raises significant forum-shopping concerns. The defendants' own state-court pleadings described AD Dallas Clinics, LLC (now DET) as having "its principal place of business located in Dallas County, Texas." This admission—made before bankruptcy was contemplated—directly contradicts the petitions' designation of Houston as the principal place of business. The defendants changed the principal-place-of-business designation from Dallas County to Houston only when they filed the bankruptcy petition, at the same time they changed the entity's name. Both changes were made on August 14, 2026, and both appear calculated to manufacture venue in a distant forum while obscuring the entity's identity. The interest of justice is not served by permitting a debtor to manufacture venue through the selection of a registered-office address with no operational connection to the debtor's business.

## E. Forum Shopping Concern

22. The filing of these cases in Houston, when every meaningful connection—the Debtors' six DFW clinics, their patients, their creditors, their witnesses, their business records, their contractual venue clauses, sixteen months of prior state-court litigation, the related removed federal action, and the related Ellis County action—points to Dallas, strongly suggests improper venue selection. The petitions were filed on August 14, 2026, the last business day before the third trial setting in the Dallas County case, and on that same day AD Dallas Clinics, LLC changed its name to DET Dallas Clinics, LLC. Gove Decl. ¶¶ 47-48, 51, 63-65. The only Houston connections identified in the record are the 1911 Bagby Street office of Zoo Capital Holdings, LLC, which is not an operational location of either Debtor, and Tran Singh, LLP, the Debtors' counsel. Gove Decl. ¶ 81. This Court should not countenance using a non-operational address and a law-firm connection to manufacture venue in a distant forum, particularly where the Creditors hold substantially all of the scheduled debt in both cases.

## VI. PRAYER

WHEREFORE, the Creditors respectfully request that this Court grant this Motion and enter an order:

a) Transferring the jointly administered bankruptcy cases of DET Dallas Clinics, LLC (Case No. 26-35975) and Trend Physicians Group, Inc. (Case No. 26-35976) to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division; and

b) Granting such other and further relief as this Court deems just and proper.

Dated: August 27, 2026

Respectfully Submitted,

CM LAW, LLP

By: /s/ Richard Grant
Richard G. Grant
Tex. Bar No. 08302650

National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

ATTORNEYS FOR TED VENTURES, LLC AND TREND MEDICAL MANAGEMENT, LLC

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he has transmitted a true and correct copy of the foregoing (a) via the Court's Electronic Case Filing system to all persons participating therein on August 27, 2026; and (b) via United States First Class Mail, postage prepaid, on August 27, 2026 to each of the mailing addresses indicated on the service list attached hereto.

/s/ Richard Grant
Richard G. Grant

**CERTIFICATE OF CONFERENCE**

The undersigned hereby certifies that counsel for the Debtors and counsel for the Movants held an extensive conference by telephone on August 24, 2026 regarding case administration and the relief requested herein, and the parties were unable to reach a resolution of this Motion at this time. The parties will continue to discuss the relief requested prior to the objection deadline and the hearing date. The Motion is opposed.

/s/ Richard Grant
Richard G. Grant

**PROPOSED ORDER**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| DET DALLAS CLINICS, LLC and TREND PHYSICIANS GROUP, INC., | § § | Case No. 26-35975 (Jointly Administered) |
| | § | |
| Debtors. | § | **Jeffrey P. Norman** |
| | § | |

**ORDER GRANTING MOTION TO TRANSFER VENUE**

Upon consideration of the Motion to Transfer Venue filed by TED Ventures, LLC and Trend Medical Management, LLC (collectively, "Creditors"), and after notice and a hearing, the Court finds that transfer is warranted in the interest of justice and for the convenience of the parties under 28 U.S.C. § 1412. It is therefore:

ORDERED that the Motion is GRANTED;

ORDERED that the cases of DET Dallas Clinics, LLC (Case No. 26-35975) and TREND Physicians Group, Inc. (Case No. 26-35976) are hereby TRANSFERRED to the United States Bankruptcy Court for the Northern District of Texas, Dallas Division; and

ORDERED that the Clerk shall transmit certified copies of all papers and proceedings in these cases to the Clerk of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, and shall serve a copy of this Order on all parties in interest.

SIGNED this ____ day of __________, 2026.

______________________________________
HON. JEFFREY P. NORMAN
UNITED STATES BANKRUPTCY JUDGE

Submitted by:

Richard G. Grant
CM LAW, LLP
National Litigation Support Center
13101 Preston Road, Suite 110-1510
Dallas, Texas 75240
Telephone: 214-210-2929
Email: rgrant@cm.law

COUNSEL FOR DEBTORS IN POSSESSION