**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DET Dallas Clinics, LLC *et al.*[1] | ) | Case No. 26-35975 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Jeffrey P. Norman** |

**DEBTORS' RESPONSE TO TED VENTURES, LLC AND TREND MEDICAL MANAGEMENT, LLC'S MOTION FOR RELIEF FROM AUTOMATIC STAY UNDER 11 U.S.C. §362(D) TO CONTINUE STATE-COURT LITIGATION**

DET Dallas Clinics, LLC and its affiliate TREND Physicians Group, Inc., Debtors and Debtors in Possession, (the "Debtors"), in these jointly administered cases, respond to the Motion for Relief from Automatic Stay under 11 U.S.C. § 362(d) to Continue State-Court Litigation (the "Motion") filed by TED Ventures, LLC and Trend Medical Management, LLC (the "Movants") in opposition:

1. Paragraph 1 is admitted.

2. Paragraph 2 is admitted.

3. The Debtors lack the requisite knowledge to admit or deny Paragraph 3.

4. The Debtors lack the requisite knowledge to admit or deny Paragraph 3.

5. Paragraph 5 does not require a response.

6. Paragraph 6 is admitted.

7. The allegations contained in Paragraph 7 are denied.

8. Paragraph 8 is admitted.

[1] The last four digits of federal tax identification number is DET Dallas Clinics, LLC is 2390 and TREND Physicians Group, Inc. is 9520. The location of Debtors' principal place of business and service address is 1911 Bagby, Houston, Texas, 77002.

9. Paragraph 9 is denied as discovery was limited and production of discovery by Movant was subsequent to the discovery deadline. All depositions referenced in Paragraph 9 were likewise limited in nature and not related to the underlying TED Litigation.

10. Paragraph 10 is denied. Pre-trial orders were submitted by both the plaintiffs and defendants in the TED Litigation, however, no joint pre-trial order was submitted.

11. Paragraph 11 is admitted.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied as such claims were not severed and any non-debtor claims are affected by the automatic stay.

14. Paragraph 14 is admitted.

15. Paragraph 15 is denied.

16. Paragraph 16 is admitted to the extent the Debtors filed for Chapter 11 bankruptcy but denies the allegations of Subchapter V treatment as the Debtors subsequently amended their voluntary petitions to remove any Subchapter V election. *See* Docket Nos. 7 and 8.

17. The allegations contained in Paragraph 17 are denied.

18. Paragraph 18 is denied.

19. Paragraph 19 does not require a response.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied as the Movants allege that all discovery and depositions have been taken, however, Movant has filed a *Motion for Examination Under Bankruptcy Rule 2004* [Docket No. 14] (the "2004 Motion") seeking additional information from the Debtors and its corporate representatives concerning claims and counterclaims related to the TED Litigation (as defined below).

22. Paragraph 22 does not require a response.

23. Paragraph 23 is admitted to the extent the application of Texas state law applies as to the claims asserted by the Movants and the Debtors, however, the claims against the Debtors' estates and claims asserted by the Debtors against Movants are core proceedings under 28 U.S.C. § 157.

24. Paragraph 24 does not require a response.

25. The Debtors lack information to respond to Paragraph 25.

26. Paragraph 26 is denied. The Debtor DET schedules its claims against Movants and other plaintiffs in the state court litigation, however, it has also scheduled secured claims with unknown dollar amounts. *See* Docket No. 22. In addition, Trend has scheduled a total of 43 unsecured and secured claims with various amounts and unknown claim amounts. *See* Docket No. 23.

27. Paragraph 27 does not require a response.

28. The allegations contained in Paragraph 28 are denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 does not require a response.

32. Paragraph 32 is denied as the Debtor DET scheduled the value of its tangible and intangible assets as unknown as it still in the process of determining the value of its estate.

33. Paragraph 33 is denied.

34. Paragraph 34 does not require a response.

35. Paragraph 35 is admitted to the extent the TED Litigation (as defined below) was removed and the State Court's (as defined below) determination that such removal was "void,"

however, the Debtors deny the allegations contained in the remainder of Paragraph 35 as the TED Litigation is currently pending in the United States District Court for the Northern District of Texas ("District Court") based upon removal.

36. Paragraph 36 does not require a response.

37. Paragraph 37 is denied.

38. Paragraph 38 is denied.

39. Paragraph 39 is denied.

40. Paragraph 40 is denied.

41. Paragraph 41 is denied as Movant has moved for remand in the Northern District Court.

42. Paragraph 42 does not require a response.

43. Paragraph 43 does not require a response.

44. Paragraph 44 does not require a response.

45. Paragraph 45 does not require a response.

**Debtors' Response**

46. On August 14, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). On August 24, 2026, the Court entered its order directing the joint administration of the Chapter 11 Cases. *See* Docket No. No. 10. The Debtors continue to operate their business and manage estates as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

47. On August 19, 2026, the Debtors amended their petitions to remove the subchapter V designation of their Chapter 11 Cases. Thomas Howley has been appointed as Subchapter V trustee in these Chapter 11 Cases.

48. TREND Physicians Group, Inc. ("Trend") is a physicians practice group which is currently operating with one physician and wholly owned by its parent DET Dallas Clinics, LLC ("DET"). The Debtors filed their schedules, statement of financial affairs, and other disclosures on August 28, 2026 [Docket Nos. 22 and 23].

49. On or about December 12, 2024, DET, formerly known as AD Dallas Clinics, LLC, together with its affiliate, Zoo Capital Holdings, LLC, entered into an asset purchase agreement with TED Ventures, LLC and TREND Medical Management, LLC for the purchase of Trend, among other assets. As a result of disagreements between the sellers and purchasers regarding the sale, TED Ventures, LLC and TREND Medical Management, LLC (collectively the "TED Parties") filed a lawsuit against the Debtors and its affiliates in the 162nd Judicial District of Dallas County, Texas styled *TED Ventures LLC, TREND Medical Management, LLC, Derek Gove, Trey Austin, NS Enrique Stohaw v. Lucky Chopra, Ryan Reneau, Zoo Capital Holdings, LLC, AD Dallas Clinics, LLC, and TREND Physicians Group, Inc.*, cause no. DC-25-05848 (the "TED Litigation").

50. As part of the sale agreement, the TED Parties were to obtain releases for several secured creditors of Trend, including the secured loan from Enterprise Bank & Trust, however, the Debtors discovered that such release were never obtained. The Debtors' claim for breach of contract in its failure to secure a release from Enterprise Bank & Trust is one of many claims that the Debtors is asserting against the TED Parties and the Movants.

51. Section 362(d)(1) permits courts to grant relief from the automatic stay for cause requiring a fact intensive, case by case determination. *In re Sonnax Indus., Inc.* 907F.2d,

1280,1286 (2nd Cir. 1990); *In re Reitnauer*, 152 F.3d 341, 343 (5th Cir. 1998). Courts within the Fifth Circuit have applied the 12 factors articulated in *In re Sonnax* and based on applying the facts at present to the applicable *Sonnax* factors, this Court should deny the Motion.

52. Movants argue that the TED Litigation should be transferred to the 162nd Judicial District of Dallas County (the "State Court") to liquidate the claim, however, judicial economy is best promoted by the retention of the TED Litigation by this Court through the claims objection process. Movants have asserted a specific money damages in their demand and can file proofs of claim against the Debtors' estates to which the Debtors may or may not object to the proofs of claim. A resolution of the dispute between the Movants and Debtors does not require litigation outside of the Court and a bifurcation of the interrelated claims and counterclaims between this Court and either the State Court or District Court would not promote judicial economy.

53. The Debtors assert claims against Movants and co-plaintiffs in the TED Litigation for breach of contract, breach of employment agreements, breach of fiduciary duty, fraud, and conversion which are core proceedings under 28 U.S.C. § 157. For example, Debtors assert counterclaims that prior to AD Dallas Clinics, LLC's acquisition of Trend Physicians Group, Inc., Movants misrepresented the financial condition—in particular the revenues—of Trend Physicians Group, Inc., that those revenues were not in fact cash flow positive as Movants and their documentation indicated, but were in fact cash-flow negative from the inception of the acquisition and remained so thereafter. Debtors further assert that, as a result of those misrepresentations and discovery of the true financial condition of Trend Physicians Group, Inc., Debtors were required to write off approximately $10.4 million in impaired goodwill of TPG and AD Dallas Clinics—approximately 86.67% of the entire consideration for the acquisition. These claims are inextricably

intertwined with the same claims asserted by Zoo Capital Holdings, LLC as the parent company of Debtors, whom Movants seek to hold jointly liable for the alleged obligations of Debtors.

54. Pursuant to 28 U.S.C. § 157(a) each district court may provide that any or all cases under title 11 and any and all proceedings arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district. *Id.* Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11 subject to review under section 158. 28 U.S.C. § 157(b). The claims brought by Movants against the Debtors' estates fall within 28 U.S.C. § 157(b)(2)(B) as to the allowance or disallowance of such claims. The counterclaims asserted by the Debtors related to the TED Litigation are core proceedings under 28 U.S.C. § 157(b)(2)(B) and this Court is the appropriate forum to determine these proceedings.

55. Additionally, the Movants' contention that discovery, depositions, and all other matters except for trial of the merits have been concluded is inaccurate as Movants have filed a 2004 Motion requesting additional information from the Debtors related to the TED Litigation. The Movants cannot simultaneously represent to the Court that the matter is ready for trial while pursuing additional discovery and depositions through its 2004 Motion. The Debtors believe that this Court is the appropriate forum to continue the litigation of the claims asserted by the Movants against the Debtors and the Debtors' claims against the Movants as such proceedings are core matters and additional information regarding the claims and counterclaims is needed by both the Movants and the Debtors.

56. Lastly, relief from the automatic stay to permit the continuation of the TED Litigation in State Court is premature as the matter is currently pending before the District Court where a motion for remand is pending. Granting the relief requested by the Movants would not

advance the resolution of the underlying claims and counterclaims and risks the Court granting relief for a forum dispute that may be resolved independent from any stay determination by this Court.

WHEREFORE, the Debtors request that such relief requested by the Movants be denied.

Dated: September 8, 2026

**TRAN SINGH LLP**

By: */s/Susan Tran Adams*
Susan Tran Adams | TBN: 24075648
Brendon Singh | TBN: 24075646
2502 La Branch St
Houston, Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: stran@ts-llp.com
bsingh@ts-llp.com

*Proposed Counsel for Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing response via First Class Mail, facsimile, or electronic notice and parties requesting notice were served via CM/ECF.

*/s/Susan Tran Adams*
Susan Tran Adams

**VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE**

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the response was delivered to the United States Trustee on September 8, 2026, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/Susan Tran Adams*
Susan Tran Adams