**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DET Dallas Clinics, LLC *et al.*[1] | ) | Case No. 26-35975 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Jeffrey P. Norman** |

**DEBTORS' OBJECTION TO MOTION FOR EXAMINATION UNDER BANKRUPTCY RULE 2004**

DET Dallas Clinics, LLC and its affiliate TREND Physicians Group, Inc., Debtors and Debtors in Possession, (the "Debtors"), in these jointly administered cases, respond in *opposition* to the *Motion for Examination under Bankruptcy Rule 2004* (the "Motion") filed by TED Ventures, LLC and Trend Medical Management, LLC (the "Movants") as follows:

**Case Background**

1. On August 14, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). On the Debtors' voluntary petitions, the Debtors identified 1911 Bagby Street, Houston, Texas as their principal places of business[2]. On August 24, 2026, the Court entered its order directing the joint administration of the Chapter 11 Cases. *See* Docket No. 10. The Debtors continue to operate their business and manage estates as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

[1] The last four digits of federal tax identification number is DET Dallas Clinics, LLC is 2390 and TREND Physicians Group, Inc. is 9520. The location of Debtors' principal place of business and service address is 1911 Bagby, Houston, Texas, 77002.
[2] *See* Docket Nos. 1 & 7(Case Number 26-35975) and Docket Nos. 1 & 8 (Case Number 26-35976)

2. TREND Physicians Group, Inc. ("Trend") is a physicians practice group which is currently operating with one physician and wholly owned by its parent DET Dallas Clinics, LLC ("DET"). The Debtors filed their schedules, statement of financial affairs, and other disclosures on August 28, 2026 [Docket Nos. 22 and 23].

3. On or about December 12, 2024, DET, formerly known as AD Dallas Clinics, LLC, together with its affiliate, Zoo Capital Holdings, LLC, entered into an asset purchase agreement (the "APA") with TED Ventures, LLC and TREND Medical Management, LLC for the purchase of Trend, among other assets. As a result of disagreements between the sellers and purchasers regarding the sale, TED Ventures, LLC and TREND Medical Management, LLC (collectively the "TED Parties") filed a lawsuit against the Debtors and its affiliates in the 162nd Judicial District of Dallas County, Texas styled *TED Ventures LLC, TREND Medical Management, LLC, Derek Gove, Trey Austin, NS Enrique Stohaw v. Lucky Chopra, Ryan Reneau, Zoo Capital Holdings, LLC, AD Dallas Clinics, LLC, and TREND Physicians Group, Inc.*, cause no. DC-25-05848 (the "TED Litigation"). The Debtors and co-defendants in the TED Litigation asserted counterclaims against the TED Parties breach of contract, breach of employment agreements, breach of fiduciary duty, fraud, and conversion.

4. The Debtors' Schedules and Statements of Financial Affairs were filed August 28, 2026 [Docket Nos. 22 and 23] and subsequently amended on September 14, 2026 [Docket Nos. 33 and 34]. The meeting of creditors is scheduled for October 13, 2026.

5. On August 25, 2026, the Movants filed several motions: *Motion to Transfer Case to Another District* [Docket No. 11]. *Motion to Appoint Trustee* [Docket No. 12], *Motion for Relief from Stay* [Docket No. 13] (the "Motion for Relief"), and *Motion for 2004 Examination* [Docket No. 14] (together, the "TED Motions"). Except for the Motion for Relief, the remainder of the

TED Motions were refiled by Movants on August 27, 2026 and currently set for hearing for September 22, 2026.

6. On September 15, 2026, the Court conducted its hearing on the Motion for Relief where it entered its order lifting the automatic stay to allow the TED Litigation to proceed. During the hearing, Movants argued that the TED Litigation was all but completed. Additionally, Derek Gove, on behalf of the Movants, provided in his sworn affidavit that "discovery is fully complete, and no further discovery is required for trial." [Docket No. 15 paragraph 58] (the "Gove Declaration"). The Declaration further provides that depositions of Derek Gove, Trey Austin, Enrique Stowhas were conducted in October of 2025 and depositions of Lucky Chopra and Steven Ryan Reneau were conducted in July of 2026.

**Objection**

7. The request for the 2004 examination should be denied as the Movants have indicated that no further discovery is necessary to liquidate their claims. *See* Gove Declaration ¶ 58; *see In re Wash. Mut., Inc.,* 408 45, 51 (Bankr. D. Del. 2009)(where a party requests a 2004 examination and an adversary proceeding or other litigation is pending between parties, the relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding). The requests for production contain duplicative discovery which are irrelevant to the administration of the bankruptcy cases. The Movants' premature requests for a 2004 examination and superfluous document production are not productive and are intended to hinder the Debtors' progress towards reorganization. *See In re Lufkin,* 255 B.R. 204 (Bankr. E.D. Tenn. 2000)(Rule 2004 cannot be used to harass, abuse, or inquire into irrelevant matters, and examinations should not be overly disruptive or costly).

8. The Debtors object to the proposed 2004 examination as the meeting of creditors has not yet occurred. A meeting of creditors precedes the conduct of a Rule 2004 examination and intended to serve as a supplement, not a substitute for a meeting of the creditors. *In re Muy Bueno Corp.*, 257 843 (Bankr. W.D. Tex. 2001)(the court finding a Rule 2004 examination prior to a § 341 meeting "like putting the donkey in front of the cart"). Only after the meeting is conducted and the debtor has voluntarily submitted to the examination under oath can parties be expected to bear the additional expense of conducting a Rule 2004 examination for a more thorough examination. *Id.* The Debtors believe that the Motion should be denied as the requests are unduly burdensome as Movants have already stated that no further discovery is required and made prior to the filing of the Debtors' schedules and meeting of creditors.

WHEREFORE, the Debtors request that such relief requested by the Movants be denied.

Dated: September 17, 2026

**TRAN SINGH LLP**

By: */s/ Brendon Singh*
Brendon Singh | TBN: 24075646
Susan Tran Adams | TBN: 24075648
2502 La Branch St
Houston, Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: bsingh@ts-llp.com

*Proposed Counsel for Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026, the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing response via First Class Mail, facsimile, or electronic notice and parties requesting notice were served via CM/ECF.

*/s/ Brendon Singh*
Brendon Singh

**VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE**

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the response was delivered to the United States Trustee on September 17, 2026, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/ Brendon Singh*
Brendon Singh