**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DET Dallas Clinics, LLC *et al.*[1] | ) | Case No. 26-35975 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Jeffrey P. Norman** |

**DEBTORS' RESPONSE TO MOTION FOR APPOINTMENT OF A CHAPTER 11 TRUSTEE UNDER 11 U.S.C § 1104(A), OR IN THE ALTERNATIVE, FOR CONVERSION TO CHAPTER 7 UNDER 11 U.S.C. § 1112(B)**

DET Dallas Clinics, LLC and its affiliate TREND Physicians Group, Inc., Debtors and Debtors in Possession, (the "Debtors"), in these jointly administered cases, respond to the Motion to for Appointment of a Chapter 11 Trustee under 11 U.S.C. § 1104(A), or in the Alternative, for Conversion to Chapter 7 Under 11 U.S.C. § 1112(B) (the "Motion") filed by TED Ventures, LLC and Trend Medical Management, LLC (the "Movants") in opposition:

1. Paragraph 1 is denied and the relief requested in Paragraph 1 is opposed.

2. Paragraph 2 is admitted to the extent the Debtors amended their voluntary petitions to remove the Sub V designations but the remainder of the paragraph is denied.

3. Paragraph 3 is denied.

4. Paragraph 4 is denied.

5. Paragraph 5 is admitted.

6. Paragraph 6 is admitted.

7. Paragraph 7 is denied.

[1] The last four digits of federal tax identification number is DET Dallas Clinics, LLC is 2390 and TREND Physicians Group, Inc. is 9520. The location of Debtors' principal place of business and service address is 1911 Bagby, Houston, Texas, 77002.

8. Paragraph 8 is admitted.

9. Paragraph 9 is denied.

10. Paragraph 10 is denied.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 contains insufficient information to render a response as the "Chopra group" is not defined.

17. Paragraph 17 contains insufficient information to render a response.

18. Paragraph 18 is admitted in part as it relates to the duration of the litigation and the stay resulting in the bankruptcy filings of the Debtors, however, the remainder of the allegations contained in Paragraph 18 are denied.

19. Paragraph 19 is denied.

20. Paragraph 20 does not require a response.

21. Paragraph 21 is denied. Movants argue cause exists based upon unsubstantiated allegations relating to non-debtor property that occurred prior to the filing of Chapter 11 Cases.

22. Paragraph 22 is denied as Chopra is not managing the affairs of the Debtors.

23. Paragraph 23 is denied.

24. Paragraph 24 does not require a response.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. The request contained in Paragraph 28 is opposed.

**Debtors' Response**

29. On August 14, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). On August 24, 2026, the Court entered its order directing the joint administration of the Chapter 11 Cases. *See* Docket No. 10. The Debtors continue to operate their business and manage estates as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

30. TREND Physicians Group, Inc. ("Trend") is a physicians practice group which is currently operating with one physician and wholly owned by its parent DET Dallas Clinics, LLC ("DET"). The Debtors filed their schedules, statement of financial affairs, and other disclosures on August 28, 2026 [Docket Nos. 22 and 23].

31. Movants base their request for appointment of a chapter 11 trustee solely on numerous unfounded allegations concerning acts that allegedly occurred before the Debtors filed these bankruptcy cases. Those allegations are insufficient to warrant the Court's exercise of discretion to appoint a trustee. *See In re Bel Air Associates, Ltd.*, 4 B.R. 168 (Bankr. W.D. Okla. 1980) (mere unsupported allegations do not justify the expense and delay of appointing a trustee); *In re H & S Transport, Co.*, 55 B.R. 786 (Bankr. M.D. Tenn. 1982) (the decision to appoint a trustee rests within the bankruptcy court's sound discretion, but there is a strong presumption that a chapter 11 debtor should remain in possession and control of its business). There is no evidence of mismanagement by the Debtors in these cases, and they should remain in possession and continue managing their estates absent a showing that a trustee is necessary. *See In re Cajun Elec.*

*Power Coop.*, 69 F.3d 746 (5th Cir. 1995) (appointment of a trustee under 11 U.S.C. § 1104(a)(1) is an extraordinary remedy). Appointment of a chapter 11 trustee should be made only upon clear and convincing evidence. *In re Nautilus of New Mexico, Inc.*, 83 B.R. 784 (Bankr. D.N.M. 1988). As Movants acknowledge, the Debtors' estates have limited operations, and no funds are available to absorb the added administrative costs of a chapter 11 trustee. *See In re Stein & Day, Inc.*, 87 B.R. 290 (Bankr. S.D.N.Y. 1988) (a court must carefully weigh all factors and interests because appointing a trustee is an extraordinary remedy that increases estate expenses). On September 14, 2026, the Court entered its *Order Lifting Stay* [Docket No. 13], permitting liquidation of claim amounts among the Movants, the Debtors, and non-debtor parties in the litigation. Because the stay has been lifted, the cost of administering the estates has substantially increased, leaving no available funds to bear the expense of a chapter 11 trustee. As part of their reorganization strategy, the Debtors intended to obtain financing to expand operations and resume liquidating their claims against the Movants, but they have not yet secured that financing. At present, the Debtors lack the cash position necessary to sustain a chapter 11 trustee's fees.

32. The Debtors' prior and current operations do not justify the extraordinary remedy of appointing a chapter 11 trustee. In determining whether to appoint a chapter 11 trustee, the Court must closely scrutinize the debtor in possession's prior and present conduct by considering: (1) the overall management of the debtor corporation; (2) the debtor in possession's experience, skill, and competence to manage the business; (3) the debtor in possession's past and present performance; and (4) the trust and confidence placed in the debtor in possession by members of the business community. *In re Parker Grade Dev., Inc.*, 64 B.R. 557 (Bankr. S.D. Ind. 1986). Movants' request for appointment of a chapter 11 trustee rests primarily on allegations concerning Chopra and other non-debtor entities—not the Debtors. Nor did the Debtors hold any interest in the assets allegedly

transferred. Chopra does not manage the Debtors' affairs. Rather, the Debtors are managed by an experienced and well-regarded board with substantial medical-management experience. The Debtors' prior performance also does not warrant appointment of a trustee: DET is a holding company with no operations, and Trend was only recently acquired by DET under the purchase agreement that is the subject of the parties' litigation.

33. The Debtors do not believe the Chapter 11 Cases warrant conversion under 11 U.S.C. § 1112(b). The value of a debtor's assets as of the petition date is relevant to whether reorganization is feasible. *See In re Holi-Penn, Inc.*, 535 F.2d 841 (3rd Cir. 1976). Here, the Debtors' most valuable assets are intangible and cannot be readily liquidated by a chapter 7 trustee. The Debtors believe the goodwill of the businesses and their counterclaims against the Movants are the most valuable assets of the estates. Liquidating those counterclaims, however, would require additional financing, and it is unlikely that a chapter 7 trustee could retain counsel on a contingency-fee basis to prosecute them. As an alternative to conversion under section 1112(b), the Debtors submit that dismissal is more appropriate. Dismissal, rather than conversion, is in the best interests of creditors because a chapter 7 trustee would have limited ability to realize value from estate assets for their benefit. *See In re East Coast Diesel, LLC,* 2022 Bankr. LEXIS 3711 (Bankr. M.D.N.C. 2022). The Debtors' assets are not readily liquidated by a chapter 7 trustee, and pursuing the Debtors' claims would require postpetition financing that a trustee may be unable to obtain.

WHEREFORE, the Debtors request that such relief requested by the Movants be denied.

Dated: September 17, 2026

**TRAN SINGH LLP**

By: */s/ Brendon Singh*

Brendon Singh | TBN: 24075646
Susan Tran Adams | TBN: 24075648
2502 La Branch St
Houston, Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: bsingh@ts-llp.com

*Proposed Counsel for Debtors and Debtors in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2026, the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing response via First Class Mail, facsimile, or electronic notice and parties requesting notice were served via CM/ECF.

*/s/ Brendon Singh*
Brendon Singh

**VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE**

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the response was delivered to the United States Trustee on September 17, 2026, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/ Brendon Singh*
Brendon Singh