**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DET Dallas Clinics, LLC *et al.*[1] | ) | Case No. 26-35975 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Jeffrey P. Norman** |

**DEBTORS' EMERGENCY MOTION TO RECONSIDER ORDER LIFTING AUTOMATIC STAY**

**THE DEBTORS HAVE REQUESTED EMERGENCY CONSIDERATION OF THIS MOTION. ACCORDINGLY, THE COURT MAY ACT EXPEDITIOUSLY ON THE MATTER.**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THIS MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS FROM THE DATE THAT THIS MOTION WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED; IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED AND IF THE COURT CONSIDERS THIS MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN TWENTY-ONE (21) DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF, OR IF YOU BELIEVE THAT EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

DET Dallas Clinics, LLC and its affiliate TREND Physicians Group, Inc., Debtors and Debtors in Possession, (the "Debtors"), in these jointly administered cases, by and through their undersigned proposed counsel, hereby file this emergency motion (the "Motion") to reconsider the *Order Lifting Stay* [Docket No. 37] (the "Lift Stay Order"). In support thereof, the Debtors would show as follows:

[1] The last four digits of federal tax identification number is DET Dallas Clinics, LLC is 2390 and TREND Physicians Group, Inc. is 9520. The location of Debtors' principal place of business and service address is 1911 Bagby, Houston, Texas, 77002.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. Section 157 and Section 1334. This Motion is a core proceeding pursuant to 28 U.S.C. Section 157(b). Venue is proper pursuant to 28 U.S.C. Section 1408 and 1409.

## Background

2. On August 14, 2026 (the "Petition Date"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") in the United States Bankruptcy Court for the Southern District of Texas (the "Court"). On August 24, 2026, the Court entered its order directing the joint administration of the Chapter 11 Cases. *See* ECF No. 10. The Debtors continue to operate their business and manage estates as debtors and debtors in possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

3. TREND Physicians Group, Inc. ("Trend") is a physicians practice group which is currently operating with one physician and wholly owned by its parent DET Dallas Clinics, LLC ("DET"). On or about December 12, 2024, DET, formerly known as AD Dallas Clinics, LLC, together with its affiliate, Zoo Capital Holdings, LLC, entered into an asset purchase agreement with TED Ventures, LLC and TREND Medical Management, LLC for the purchase of Trend, among other assets. As a result of disagreements between the sellers and purchasers regarding the sale, TED Ventures, LLC and TREND Medical Management, LLC (collectively the "TED Parties") filed a lawsuit against the Debtors and its affiliates in the 162nd Judicial District of Dallas County, Texas styled *TED Ventures LLC, TREND Medical Management, LLC, Derek Gove, Trey Austin, NS Enrique Stohaw v. Lucky Chopra, Ryan Reneau, Zoo Capital Holdings, LLC, AD Dallas Clinics, LLC, and TREND Physicians Group, Inc.*, cause no. DC-25-05848 (the "TED Litigation").

4. On August 25, 2026, the TED Parties filed their *Motion for Relief from Stay to Continue State Court Litigation* [Docket No. 13] (the "Lift Stay Motion"). On September 14, 2026, the Court conducted an evidentiary hearing on the Lift Stay Motion where the Court heard testimony from Derek Gove and Jonathan Curth, general counsel for the Debtors. Mr. Curth testified as to his experience in business transactions and not litigation.

5. During the hearing, Mr. Curth testified as to the Debtors' assets and claims: legacy insurance contracts, counterclaims against the Movants, and existing practionners generating revenue. The Court also questioned Mr. Curth as to why the TED Litigation should not be stayed.

6. Following entry of the Lift Stay Order, the Debtors consulted healthcare and litigation counsel concerning evidence of the alleged post-termination access to the Debtors' protected electronic systems and deletion of scheduling and billing records. Based on that conclusion, the Debtors believe that facts may support additional federal claims, including claims under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030. The Debtors require a limited period to investigate, preserve evidence, and seek leave to amend their counterclaims.

7. After the acquisition of assets from Movants, former personnel of the Movants accessed patient charts, lab orders, results and notes without authority. In support the Debtors attach the declaration of Robert Turner in support of this Motion and additional claims under the CFAA attached as **Exhibit 1**. The Debtors have consulted with their state court counsel as to these additional claims and intention to seek leave to amend to include these additional counterclaims which raise federal question. The Debtors request that the Court reconsider its Lift Stay Order to enable the Debtors additional time to investigate and prepare these additional counterclaims.

8. Additionally, the Debtors request reconsideration of the Lift Stay Order pending a determination by the United States District Court for the Northern District of Dallas (the "Dallas

District Court"). On August 19, 2026, the TED Litigation was removed to the Dallas District Court, case number 26-cv-02783. On August 20, 2026, the Debtors filed their *Motion to Transfer* (the "Dallas Transfer Motion"), seeking a transfer of the removed TED Litigation from the Dallas District Court to the Southern District of Texas under the basis of the Debtors' pending bankruptcy proceedings. On September 10, 2026, the TED Parties filed their *Motion to Remand* "the Remand Motion"), seeking a remand of the removed TED Litigation to the Dallas County Court. At this time, there has been no determination as to the Dallas Transfer Motion or the Remand Motion. Despite the removal of the TED Litigation to the Dallas District Court, the Dallas County Court has entered its *Order Determining that the Notice of Removal is Void, Granting Plaintiffs' Emergency Motion to Sever, and Proceeding to Trial Against the Non-Debtor Defendants.* Attached as **Exhibit 2** is the Dallas County Order. Per the Dallas County Order, trial is set in the Dallas County Court for October 9, 2026. The Debtors request that the Lift Stay Order be modified to allow the stay to remain in place pending a determination from the Dallas District Court as to the remand back to Dallas County Court and a determination as to the validity of the Dallas County Order voiding the removal of the TED Litigation to the Dallas District Court. The Debtors believe cause exists to promote judicial economy by avoiding potential duplicative litigation in both the Dallas County Court and Dallas District Court.

## Basis for Relief and Relief Requested

9. The Debtors' request consideration of the Lift Stay Order pursuant to Fed. R. Bankr. P. 9023. The Debtors respectfully request consideration under Bankruptcy Rule 9023 because prompt reconsideration is necessary to prevent manifest injustice and to preserve the orderly administration of these estates. The Debtors believe that additional facts support additional counterclaims arising under federal law, subject to further investigation and leave to

amend. Additionally, the underlying litigation has been removed to the Dallas District Court where motions concerning remand and transfer remain pending meanwhile the Dallas County Court has trial set for October 9, 2026. Allowing that trial to proceed before a resolution by the Dallas District Court of the jurisdictional issues risks duplicative proceedings, inconsistent rulings, unnecessary estate expense, and an impairment of the Debtors' ability to assert estate counterclaims. Therefore, the Debtors respectfully request that the Court modify the Lift Stay Order pending a resolution of the federal motions by the Dallas District Court.

**Request for Emergency Relief**

10. Debtors' request emergency consideration of this Motion as notwithstanding the removal of the TED Litigation to the Dallas District Court, the Dallas County Court has set trial for October 9, 2026.

**Notice**

11. Notice of this Motion has or will be provided by electronic mail or First Class Mail on (i) the Office of the United States Trustee for the Southern District of Texas, (ii) all known or alleged secured creditors, (iii) the largest 20 unsecured creditors of the Debtors (iii) all known shareholders holding over 5% of a class of equity interests in the Debtors and (iv) any persons who have filed a request for notice pursuant to Bankruptcy Rule 2002.

WHEREFORE, the Debtors request that this Court enter an order granting the relief requested in this Motion, and such other and further relief as it may be just and proper.

Dated: September 21, 2026

**TRAN SINGH LLP**

By: */s/Brendon D. Singh*
Brendon Singh | TBN: 24075646
Susan Tran Adams | TBN: 24075648
2502 La Branch St
Houston, Texas 77004
Ph: (832) 975-7300
Fax: (832) 975-7301
Email: stran@ts-llp.com
bsingh@ts-llp.com

*Proposed Counsel for Debtor and Debtor in Possession*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2026, the following parties below and attached largest 20 unsecured creditors were served a true and correct copy of the foregoing Motion via First Class Mail, facsimile, or electronic notice and parties requesting notice were served via CM/ECF.

*/s/ Brendon D. Singh*
Brendon D. Singh

**VERIFICATION OF TRANSMITTAL TO U.S. TRUSTEE**

The undersigned, an attorney, under penalties of perjury, verifies that a copy of the Motion was delivered to the United States Trustee on September 21, 2026, by electronic delivery by the clerk of the Bankruptcy Court.

*/s/ Brendon D. Singh*
Brendon D. Singh

**VERICATION OF ACCURACY**

I hereby certify the accuracy of the foregoing for the Debtors' request of emergency consideration and in support attach my sworn declaration in support.

*/s/Jonathan Curth*
Jonathan Curth

Exhibit 1 – Declaration of Robert Turner

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| DET Dallas Clinics, LLC *et al.*[1] | ) | Case No. 26-35975 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | **Jeffrey P. Norman** |

**DECLARATION OF JONATHAN CURTH IN SUPPORT OF DEBTORS' EMERGENCY MOTION TO RECONSIDER ORDER LIFTING AUTOMATIC STAY**

STATE OF TEXAS §
§
COUNTY OF HARRIS §

COMES NOW, Robert Turner, Chief Development Officer to the Debtors, and having duly been sworn upon his oath deposes and states as follows:

1. "My name is Robert Turner. I am over the age of eighteen years and am fully competent and authorized in all respects to execute this sworn declaration. The matters stated herein are true and correct and within my personal knowledge.

2. I am the chief development officer for both TREND Physicians Group, Inc. ("Trend") and DET Dallas Clinics, LLC ("DET") and have personal knowledge of the operations of the Debtors.

3. This Declaration is being submitted in support of the Debtors' *Motion to Reconsider Order Lifting Automatic Stay* filed in the above-captioned Chapter 11 Cases.

4. DET acquired the assets of Trend from the TED Parties[2] through an asset purchase agreement that is currently subject to litigation both before the Dallas County Court and Dallas District Court.

5. Shortly after the acquisition of the assets of Trend from the TED Parties, the TED Parties engaged in patient file tampering. Upon information and belief, on numerous occasions, Trend's patient files reflected upcoming patient appoints. After the visits occurred,

[1] The last four digits of federal tax identification number is DET Dallas Clinics, LLC is 2390 and TREND Physicians Group, Inc. is 9520. The location of Debtors' principal place of business and service address is 1911 Bagby, Houston, Texas, 77002.
[2] Capitalized terms not defined herein shall have the same meaning as those ascribed in the Motion.

personnel of the TED Parties all record of the patient's appointment and related billing activity from Trend's systems, apparently directing the billing to the TED Parties.

6. Physicians at Trend's facility personally observed patients but later found no corresponding appointment or billing record in Trend's scheduling system. Patient notes and charts remained in the Trend system, but without a corresponding record of the specific patient encounter. These facts have been pleaded in the underlying TED Litigation. The Debtors did not understand, until consultation with healthcare counsel, that these facts may support additional federal causes of action. The Debtors intend to seek leave to assert those claims in their counterclaims and require additional time to plead them.

7. Further, as the automatic stay has been lifted, trial has been set by the Dallas County Court for October 9, 2026 despite the removal of the TED Litigation to the Dallas District Court – the Debtors request that the Court reconsider its order lifting the stay to allow the Dallas District Court to consider the remand of the TED Litigation to the Dallas County Court. Emergency consideration of the Motion is warranted as the Debtors have limited operations and funds and judicial economy would be promoted pending a determination from the Dallas District Court as to which court has jurisdiction to hear the claims and counterclaims alleged in the TED Litigation."

*Robert Alan Turner*

Robert Turner
Chief Development Officer

SUBSCRIBED AND SWORN TO before me, the undersigned authority on September 18, 2026 to witness my hand and official seal.

Christopher Jimenez
Notary Public in and for the State of Texas

My Commission Expires: 10/07/2028

CHRISTOPHER JIMENEZ
Notary Public - State of Florida
Commission # HH601116
Expires on October 7, 2028

State of Florida County of Broward

Sworn to (or affirmed) and subscribed before me by means of online notarization, this 09/20/2026 by Robert Alan Turner.

___ Personally Known OR ✓ Produced Identification

Type of Identification Produced DRIVER LICENSE

Exhibit 2 – Dallas County Order Voiding Removal

**CAUSE NO. DC-25-05848**

| | | |
|---|---|---|
| TED VENTURES, LLC, TREND MEDICAL MANAGEMENT, LLC, DEREK GOVE, TREY AUSTIN, and ENRIQUE STOWHAS, | § | IN THE DISTRICT COURT OF |
| Plaintiffs, | § | |
| v. | § | DALLAS COUNTY, TEXAS |
| LUCKY CHOPRA, M.D., ZOO CAPITAL HOLDINGS LLC, DET DALLAS CLINICS, LLC f/k/a AD DALLAS CLINICS, LLC, and | § | 162nd JUDICIAL DISTRICT |
| TREND PHYSICIANS GROUP, INC., | § | |
| Defendants. | § | |

**ORDER DETERMINING THAT THE NOTICE OF REMOVAL IS VOID, GRANTING PLAINTIFFS' EMERGENCY MOTION TO SEVER, AND PROCEEDING TO TRIAL AGAINST THE NON-DEBTOR DEFENDANTS**

On August 20, 2026, the Court considered Plaintiffs' Emergency Response to Defendants' Notice of Filing of Notice of Removal, Plaintiffs' Emergency Motion to Sever Claims Against the Debtor Defendants and to Proceed to Trial as to Defendants Chopra and Zoo Capital Holdings, LLC, for Leave to File Plaintiffs' Second Amended Petition, and to Permit the Remote Testimony of a Non-Party Witness (filed August 17, 2026), the responses and arguments of counsel, and the papers on file. The Court FINDS as follows:

1. On August 14, 2026, Defendants DET Dallas Clinics, LLC (f/k/a AD Dallas Clinics, LLC) and Trend Physicians Group, Inc. (the "Debtor Defendants") filed voluntary Chapter 11 petitions in the United States Bankruptcy Court for the Southern District of Texas, Case Nos. 26-35975 and 26-35976. The automatic stay of 11 U.S.C. § 362(a) stays this action as to the Debtor Defendants only. Defendants Lucky Chopra, M.D. and Zoo Capital Holdings LLC (the "Non-Debtor Defendants") are not debtors in any bankruptcy case, and no court has extended any stay to either of them. See GATX Aircraft Corp. v. M/V Courtney Leigh, 768 F.2d 711, 716 (5th Cir. 1985); Reliant Energy Servs., Inc. v. Enron Canada Corp., 349 F.3d 816, 825 (5th Cir. 2003).

2. On August 19, 2026, at 3:31 p.m. — the afternoon before this Court's 9:00 a.m. hearing on Plaintiffs' Emergency Motion to Sever — Defendants filed a Notice of Filing of Notice of Removal, attaching a Notice of Removal filed in the United States District Court for the Northern District of Texas, No. 3:26-cv-02783-E.

3. The Notice of Removal invokes only 28 U.S.C. § 1334, a jurisdictional grant; it does not invoke 28 U.S.C. § 1452(a) or any other statute authorizing removal; it contains no operative language effecting removal, asking instead that the federal court "accept subject

matter jurisdiction"; and it does not identify which claims or causes of action are removed. The Court accordingly DETERMINES that the Notice of Removal is void and of no effect, that it did not divest this Court of jurisdiction, and that this Court retains jurisdiction over this cause. See Masked Ryder Prods., Inc. v. Zane Enters., Inc., 298 F.2d 56, 57 (5th Cir. 1962); Browning v. Navarro, 743 F.2d 1069, 1077 (5th Cir. 1984); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 399 (5th Cir. 2013).

**4.** Plaintiffs' live claims, as stated in Plaintiffs' Second Amended Petition, are prosecuted only against the Non-Debtor Defendants; every claim touching a Debtor Defendant is pleaded solely for preservation; and this Court's proceeding against the Non-Debtor Defendants is not an act against any debtor or against property of any bankruptcy estate.

**IT IS THEREFORE ORDERED that:**

**A.** Plaintiffs' Emergency Motion to Sever is GRANTED. All claims asserted by Plaintiffs against Defendants Trend Physicians Group, Inc. and DET Dallas Clinics, LLC f/k/a AD Dallas Clinics, LLC, together with all counterclaims and defenses asserted by those Defendants, are SEVERED into a separate cause styled TED Ventures, LLC, et al. v. AD Dallas Clinics, LLC n/k/a DET Dallas Clinics, LLC, et al., Cause No. DC-25-05848-[__], and the severed cause is ABATED pending termination of, or relief from, the automatic stay. The Clerk shall open the severed cause and transfer to it copies of the pleadings the Clerk deems necessary.

**B.** Plaintiffs are GRANTED leave to file Plaintiffs' Second Amended Petition, which is deemed filed as of August 17, 2026, and is the live pleading in this cause. Defendants' existing answers and denials are deemed to apply to it without the necessity of an amended answer.

**C.** This cause shall PROCEED against Defendants Lucky Chopra, M.D. and Zoo Capital Holdings LLC, and trial is SET for [ Oct. 6 ], 2026, at [9:00] o'clock. No continuance of that setting is granted.

**D.** Any judgment entered in this cause shall run only against Defendants Chopra and Zoo Capital Holdings LLC. No relief of any kind is granted in this cause against either Debtor Defendant, and nothing in this Order or in the trial of this cause constitutes an act against a Debtor Defendant or against property of either bankruptcy estate. Evidence of the Debtor Defendants' obligations, conduct, and financial condition is admissible in the trial of the claims against the Non-Debtor Defendants.

**E.** Any amount Plaintiffs actually recover on account of their claims in the Debtor Defendants' bankruptcy cases shall be credited, dollar for dollar, against any judgment entered in this cause.

**F.** Non-party witness Steven Ryan Reneau may testify at trial by videoconference under Texas Rule of Civil Procedure 21d and may be deposed by remote electronic means under Rule 199.1(b) on shortened notice, for use at trial under Rule 203.6(b) at Plaintiff's election.

**G.** Plaintiffs are awarded their reasonable attorney's fees and costs incurred in responding to the Notice of Removal, ~~in the amount of $~~[________], against Defendants Lucky Chopra, M.D. and Zoo Capital Holdings LLC, jointly and severally /to be determined upon motion and proof.

**H.** All other relief not expressly granted herein is denied without prejudice. In the alternative, and only to the extent any court of competent jurisdiction hereafter determines that the Notice of Removal effected removal of any claim, this Order operates in full as to every claim not so removed, and the findings and rulings herein are without prejudice to Plaintiffs' pending motion in the Northern District of Texas for remand and abstention.

SIGNED this ______ day of August, 2026.

**8/21/2026 1:51:07 PM**

______________________________________

**JUDGE PRESIDING**

162nd Judicial District Court, Dallas County, Texas

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

John Kellogg on behalf of William Camp
Bar No. 789196
campstaff@camplaw.com
Envelope ID: 118861724
Filing Code Description: Response
Filing Description: PLTF EMERGENCY RESPONSE/DEF NOTICE FILING NOTICE OF REMOVAL
Status as of 8/20/2026 9:53 AM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
|---|---|---|---|---|
| William WCamp | | rule21a-service@camplaw.com | 8/20/2026 7:52:45 AM | SENT |
| Douglas A.Daniels | | doug.daniels@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |
| Alejandro L. Padua | | ap@padualaw.com | 8/20/2026 7:52:45 AM | SENT |
| Kasia Olkowski | | kasia@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |
| Celenia Torres | | ct@padualaw.com | 8/20/2026 7:52:45 AM | SENT |
| camp staff | | campstaff@camplaw.com | 8/20/2026 7:52:45 AM | SENT |
| Lema Mousilli | | lema@mousillilaw.com | 8/20/2026 7:52:45 AM | SENT |
| Bryan Yu | | service@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |
| Sebastian Campos | | sebastian.campos@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |
| Sara EPadua | | sp@padualaw.com | 8/20/2026 7:52:45 AM | SENT |
| Sabrina R.Tour | | sabrina@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |
| Mary Rodman Crawford | | crawford@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |
| Kevi A.Ramirez | | kr@padualaw.com | 8/20/2026 7:52:45 AM | SENT |
| Griselda Guerrero | | gg@padualaw.com | 8/20/2026 7:52:45 AM | SENT |
| Sarah BBeck | | sarah.beck@dtlawyers.com | 8/20/2026 7:52:45 AM | SENT |